# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BENITEZ,<br><br>   Petitioner,<br><br>   v.<br><br>SCOTT P. RAWERS, Warden,<br><br>   Respondent.<br>_____/ | CV F   06-0142 OWW SMS HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR DISCOVERY, WITHOUT PREJUDICE, DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL, AND GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION NUNC PRO TUNC<br><br>[Docs. 6, 7, 8] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

Petitioner filed the instant petition on February 9, 2006.  On April 19, 2006, Respondent filed a motion to dismiss the instant petition.

On April 20, 2006, Petitioner filed a motion for discovery and a motion for the appointment of counsel.  (Court Docs. 6, 7.)

On May 10, 2006, Petitioner filed a motion for an extension of time to file an opposition to Respondent's motion to dismiss.  (Court Doc. 8.)

I.  Motion for Discovery

In his motion for discovery, Petitioner requests the following:

> "1. To take depositions of the following persons who granted parole to Petitioner in December 3, 2002, but whose grant was reversed by Governor Gray

---

[1] On June 12, 2006, the instant action was reassigned to Judge Oliver W. Wanger for all further proceedings due to the senior status of Judge Robert E. Coyle.  (Court Doc. 9.)

1

>           Davis pursuant to section 3041.2;
>               a. T. BORDONARA, presiding Commissioner; and
>               b. FERNANDO VASQUEZ, Deputy Commissioner.
>           2. To obtain from the Board of Prison Terms and from the Governor's Office Copies of Board and Governor decision sheets from 1999 to the present, of all subsequent Board hearings, and actions on subsequent grants, if any, by Governor Davis, in cases like Petitioner's, where parole was once granted but reversed by the Governor.
>           3. To obtain copies in all the cases set forth in paragraph 2, ante, from the California Department of Corrections and its successor, California Department of Corrections and Rehabilitation (CDCR) of the prisoners' out-date calculation pursuant to the matrix term (see Cal. Code Regs., tit. 15, §2282) and post-conviction credits (Cal.Code Regs., tit. 15 §2290) selected by the Board for each of those cases.
>           4. To obtain copies of any written documents, policies or practices in effect during Governor Davis' administration that discussed or guided review by that Office of parole grants to life-sentenced prisoners during that period.
>           5. To propound interrogatories regarding bias and partiality in the Governor's Office regarding grants of parole to lifers to the person or persons in Governor Davis' administration responsible for the background work pertaining to Governor Davis's review of parole grants.
>           6. To propound interrogatories to the person or persons in Governor Davis's administration responsible for background work pertaining to Governor Davis's review of parole grants regarding informed spoken policies or practices in effect during that administration related to the review of parole grants to life-sentenced prisoners."

(Motion, at 3-4.)

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969). Discovery will not be allowed so that the petition can "explore [his] case in search of its existence," looking for new constitutional claims. See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999). If good cause is shown, the extent and scope of discovery is within the court's discretion. See Habeas Rule 6(a). The Court's duty in a habeas proceeding is to determine whether or not petitioner's constitutional rights were violated in the course of the conviction.

A petitioner does not have the right to inquire into all matters which are relevant to the

subject matter involved in the pending action, whether admissible at trial or not. Harris, 394 U.S. at 297.  Furthermore, "[s]uch a broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding." Id.  Elaborate discovery procedures would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials, prosecutors, and police. Id.  Nevertheless, "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Id. at 300.

As previously stated, Respondent has filed a motion to dismiss the instant petition on the ground that this Court lacks jurisdiction to review the instant challenge to Petitioner's denial of parole based on the California Supreme Court's holding in In re Dannenberg, 34 Cal.4th 1061 (2005).  Therefore, until the jurisdictional issue is resolved, this Court has no basis to determine whether Petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.  As such, Petitioner's motion for discovery is denied, without prejudice, at this juncture.

II.     Motion for Appointment of Counsel

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984).  However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See, Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.  Accordingly, petitioner's request for appointment of counsel is DENIED.

III.    Motion for Extension of Time

On May 10, 2006, Petitioner filed a request for an extension of time to file an opposition Respondent's motion to dismiss.  On June 12, 2006, Petitioner filed his opposition to Respondent's motion.

Good cause having been presented to the court and good cause appearing therefore, Petitioner's request for an extension of time to file an opposition to Respondent's motion to

dismiss is GRANTED, nunc pro tunc to June 12, 2006, and Petitioner's opposition is deemed to be timely filed.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion for discovery is DENIED, without prejudice;
2. Petitioner's motion for the appointment of counsel is DENIED; and
3. Petitioner's request for an extension of time is GRANTED nunc pro tunc, and his opposition to the motion to dismiss is deemed to be timely filed.

IT IS SO ORDERED.

**Dated:   June 16, 2006**                    **/s/ Sandra M. Snyder**
icido3                              UNITED STATES MAGISTRATE JUDGE