# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BENITEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT P. RAWERS, Warden,<br><br>　　　　　Respondent.<br>_____/ | CV F   06-0142 OWW SMS HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 5] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND

　　　　Petitioner is serving an indeterminate life sentence in the custody of the California Department of Corrections and Rehabilitation (CDCR) based on his 1981 conviction of first-degree murder and assault with a deadly weapon.

　　　　Petitioner filed the instant petition for writ of habeas corpus on February 9, 2006.  In the petition, Petitioner alleges that Governor Davis improperly reversed a grant (in 2003) of parole previously given by the Board of Parole Hearings (BPH) on December 3, 2002.  By order of February 15, 2006, Respondent filed a motion to dismiss the instant petition for lack of subject matter jurisdiction, and, alternatively on the ground that the petition does not state a claim for relief.  (Court Doc. 6.)  Petitioner filed a response to Respondent's motion on June 12, 2006. (Court Doc. 10.)

1

DISCUSSION

A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of subject matter jurisdiction.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.    Subject Matter Jurisdiction

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004).

The Fourteenth Amendment provides that "[no] State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.  In certain cases, a state law may create a liberty interest protected by the Constitution. In examining questions of procedural due process, federal courts employ a two-step inquiry: 1) whether there exists a liberty or property interest which has been interfered with by the State, and 2) whether the procedures attendant upon that deprivation were constitutionally sufficient.  Sass v. California Board of Prison Terms, __ F.3d __, 2006 WL 2506393 *3 (9th Cir. Aug. 31, 2006) (citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).)

The United States Supreme Court has expressly denied entitlement to a protected liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). "Nevertheless, early release statutes can create a 'liberty interest protected by due process guarantees.'" Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir.1991) (per curiam), *quoting* Greenholtz, 442 U.S. at 12; Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Moreover, "[a] state may create a constitutionally protected liberty interest by establishing regulatory measures that impose substantive limitations on the exercise of official discretion." Bermudez, 936 F.2d at 1067, citing Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985). However, no protected entitlement to release exists unless a state scheme includes a formula which mandates release after the occurrence of specified events.  Baumann, 754 F.2d at 844 (stating that the unique "shall/unless" formula was decisive in Greenholtz). If there exists mandatory language in a parole statute, then Petitioner has a protected liberty interest in parole release. Greenholtz, 442 U.S. at 11-12. If, however, the state merely holds out the possibility of

3

parole, then such a hope is not protected by due process.  Id.; Baumann, 754 F.2d at 844. Therefore, the Court must look to the California parole statutes to determine whether the unique structure and language of those statutes creates an entitlement to parole release or a presumption of expectation of parole release.

In Sass v. California Board of Prison Terms, the Ninth Circuit Court of Appeals, ruled that the District Court in Sass v. California Board of Prison Terms, 376 F.Supp.2d 976 (E.D. Cal. 2005) erred by finding that the California Supreme Court's decision in In re Dannenberg, 34 Cal.4th 1061 (2005), held that section 3041(b) does not use mandatory language.  Sass v. California Board of Prison Terms, 2006 WL 2506393, at *3-4.

Initially, the Court noted that in McQuillion v. Duncan, 306 F.3d 895, 902 (2002), it was held that "[u]nder the 'clearly established' framework of Greenholtz and Allen, . . . California's parole scheme gives rise to a cognizable liberty interest in release on parole."  Sass, 2006 WL 2506393 at *3 (citing McQuillion v. Duncan, 306 F.3d at 902).  Furthermore, this "liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate." Id. (citing Biggs v. Terhune, 334 F.3d 910, 915 (2003), footnote omitted).

The Ninth Circuit found that "Dannenberg addressed the narrow question whether the Board must engage in a comparative proportionality analysis in setting parole dates pursuant to section 3041(a) before determining whether an inmate is suitable for parole pursuant to section 3041(b), . . . holding '[n]othing in the statute states or suggests that the Board must evaluate the case under standards of term uniformity before exercising its authority to deny a parole date on the grounds the particular offender's criminality presents a *continuing public danger*.'"  Sass, 2006 WL 2506393 *3 (citing Dannenberg, at 1070, emphasis in original, citations omitted.)  The Court stated that the Dannenberg Court never held California law did not provide a liberty interest in parole.  Rather, the California Supreme Court proceeded to the second step of the analysis in determining whether the procedures utilized were constitutionally sufficient.  Id. (citing Dannenberg, at 1070.)  Thus, the Ninth Circuit reasoned that the California Supreme Court would not have proceeded to this analysis if there was, in fact, no liberty interest.  Id. (citing Ky. Dep't of Corr., 490 U.S. at 460.)  Accordingly, based on the reasoning and holding in

the Ninth Circuit Court of Appeal's opinion in <u>Sass</u>, Petitioner continues to have a protected liberty interest in parole, and the instant petition is therefore not subject to dismissal for lack of subject matter jurisdiction.

C.      <u>Merits of Claim</u>

Respondent contends that even if there is a liberty interest in parole, this action should nonetheless be dismissed because Petitioner does not contest that he received all the process due under clearly established federal law.

In Ground Two of the petition, Petitioner contends that "the Governor's decision reversing the Board's parole grant must be based on (i) the same evidence the Board considered when it granted the parole release date, and (ii) on 'some evidence' in the record the Parole-Board reviewed to comply with the standard of law established by the U.S. Supreme Court." (Petition, at 5.)

Rescission of a prisoner's parole comports with due process as long as "*some* evidence supports the decision." <u>Caswell v. Calderon</u>, 363 F.3d 832 (9th Cir. 2004) (citing <u>McQuillion</u>, 306 F.3d at 904, quoting <u>Superintendent v. Hill</u>, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (emphasis in original)). Because Petitioner has alleged that the Governor's decision to rescind his parole date was not based on "some evidence," the petition states a claim for relief. Respondent is correct in <u>Greenholtz</u>, the Supreme Court held that a parole procedure satisfies due process when 1) the procedure "affords an opportunity to be heard," and 2) the inmate is informed "in what respects he falls short of qualifying for parole." <u>Greenholtz</u>, 442 U.S. at 16. However, the requirements of due process are satisfied only if "some evidence" supports the decision. <u>Sass v. California Bd. Of Prison</u> Terms, __ F.3d __; 2006 WL 2506393 *4 (9th Cir. Aug. 31, 2006); <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir.2003); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 904 (9th Cir.2002); <u>Jancsek v. Oregon Bd. of Parole</u>, 833 F.2d 1389 (9th Cir.1987) (adopting the "some evidence" standard set forth by the Supreme Court in <u>Superintendent v. Hill</u>, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)). "Additionally, the evidence underlying the board's decision must have some indicia of reliability." <u>Jancsek</u>, 833 F.2d at 1390. In <u>Sass</u>, the Ninth Circuit Court of Appeals rejected the State's argument that the "some

evidence" standard was not clearly established law in the parole context, citing <u>Superintendent v. Hill</u>, 472 U.S. at 457.  <u>Sass</u>, 2006 WL 2506393 *4.

Based on the foregoing established law, the Court finds that Petitioner's claim that the Governor's decision to rescind the grant of parole was not based on some evidence states a cognizable due process claim via § 2254, and Respondent's motion to dismiss should be denied.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for relief be DENIED; and

2. The matter be referred back to the Magistrate Judge for issuance of a scheduling order to address the merits of the petition.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 13, 2006**              /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE