# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BENITEZ,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT P. RAWERS, Warden,<br><br>    Respondent. | 1:06-cv-00142 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT<br><br>[Doc. 30] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 28, 2010, the undersigned issued Findings and Recommendations to grant the petition for writ of habeas corpus. (Court Doc. 28.) On February 10, 2010, Respondent filed a motion to dismiss the petition as moot in light of the fact that Petitioner was released from custody on April 9, 2009.[1] (Court Doc. 30.)

Under California law, "an inmate-turned-parolee remains in the legal custody of the California Department of Corrections through the remainder of his term, and must comply with all of the terms and conditions of parole, including mandatory drug tests, restrictions on association with felons or gang members, and mandatory meetings with parole officers." Samson v. California, 547 U.S. 843, 851 (2006). Thus, the conditions placed upon a parolee

---

[1] Respondent also filed a motion for an extension of time to file objections to the Findings and Recommendation following disposition of the motion to dismiss. (Court Doc. 31.)

1

constitute a concrete injury to satisfy the mootness issue. See e.g. Spencer, 523 U.S. at 7-8 (finding restrictions placed upon parolee constitute a concrete injury); Jones v. Cunningham, 371 U.S. 236, 243 (1963) (same).

In this case, Petitioner was released on parole on April 14, 2009, for a period of five years. (Notice of Release on Parole, Exhibit 1.) Therefore, in this situation, the petition is not moot because if Petitioner prevails on his constitutional claim(s), this Court would credit such time toward his determinate parole period because he has now been released subject to the restrictions of parole. See McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) (indicating that proper remedy was immediate release from parole where parole period would have expired had there not been constitutional violation); Thomas v. Yates, 637 F.Supp.2d 837, 842 (E.D. Cal. 2009) (finding habeas corpus petition challenging denial of parole was not moot even though prisoner was released to five-year determinate term because relief could still be credited toward length of parole period).

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss the instant petition as MOOT be denied.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within seven (7) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: February 22, 2010**      **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE